Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ESTHER RAE TULLER,<br><br>　　　　　　　　Defendant. | Case No.: 2:21-cr-0163-SAB<br><br>**PLEA AGREEMENT** |

   Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Tyler H.L. Tornabene, Assistant United States Attorneys, and Defendant Esther Rae Tuller ("Defendant") and the Defendant's counsel, Stephen R. Hormel, agree to the following Plea Agreement:

   **1.     Waiver of Indictment:**

   Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States in an Information.

U.S. v. Tuller - Plea Agreement – Page 1 of 10

**2. Guilty Plea and Maximum Statutory Penalties:**

Defendant agrees to plead guilty to the Information filed in the Eastern District of Washington, charging the Defendant with one count of Tampering with Consumer Products, in violation of 18 U.S.C. § 1365(a)(4). Defendant understands that violation of 18 U.S.C. § 1365(a)(4) is a Class C Felony that carries the following penalties: (1) not more than ten years imprisonment; (2) not more than three years of supervised release; (3) a fine of not more than $250,000; and (4) a special penalty assessment in the amount of $100.

Defendant further understands a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post release supervision.

**3. The Court is Not a Party to the Plea Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the Court decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing these pleas of guilty.

**4.    Waiver of Constitutional Rights:**

Defendant understands that, by entering these pleas of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) the right to a jury trial;

b) the right to see, hear and question the witnesses;

c) the right to remain silent at trial;

d) the right to testify at trial; and

e) the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands she retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

**5.    Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Tampering with Consumer Products, in violation of 18 U.S.C. § 1365(a)(4), the United States would have to prove beyond a reasonable doubt the following elements:

*First*:   The defendant tampered with, or attempted to tamper with, a consumer product, its labeling, or its container;

*Second*:   The consumer product affected interstate or foreign commerce; and

*Third*:   The defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk.

### 6. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Between October 2012 and May 2020, Defendant ESTHER RAE TULLER was a licensed registered nurse in Washington State. Between August 2019 and April 2020, Defendant ESTHER RAE TULLER was employed as a nurse at the Confluence Health Moses Lake Clinic (Confluence) located in Moses Lake, Washington, in the Eastern District of Washington. Defendant's position as a nurse provided her with access to controlled substances, including opioid narcotics such as morphine sulfate (morphine), which is used by Confluence for relieving pain associated with injuries and other medical conditions. Morphine is a controlled substance and consumer product that affects interstate and foreign commerce within the definition of 18 U.S.C. § 1365.

Between on or about August 1, 2019 and on or about April 10, 2020, while working at Confluence as a nurse, Defendant ESTHER RAE TULLER used a syringe to withdraw at least 17 vials of morphine, each vial containing 4 mL. After removing the morphine using a syringe, Defendant ESTHER RAE TULLER then replaced the morphine with saline solution (*i.e.* salt dissolved in water) and superglued the caps back onto the vials, in an attempt to conceal that she had taken the morphine and make them appear unopened. Defendant ESTHER RAE TULLER knowingly and intentionally took the morphine and replaced it with saline for her own personal use due to an addiction to opioids.

In removing the morphine and replacing it with saline, Defendant ESTHER RAE TULLER acted with reckless disregard for the risk that Confluence patients who

required morphine would be placed in danger of bodily injury in that their serious pain or other medical condition would go untreated due to Defendant ESTHER RAE TULLER's conduct in replacing the morphine with saline solution, which would not provide any pain relief. Defendant ESTHER RAE TULLER's conduct as described above manifested extreme indifference to that risk of bodily injury. When Confluence administered what it believed was morphine to one Confluence patient who was in pain, the patient did not experience any pain relief following administration of the vial with which Defendant ESTHER RAE TULLER had tampered, necessitating that patient being admitted to the emergency room.

On or about April 10, 2020, a staff nurse at Confluence noticed what appeared to be evidence of tampering as to vials of morphine in Confluence's controlled substance storage area. Laboratory testing confirmed that the vials had indeed been tampered with, in the manner described above.

**7.    The United States Agrees Not to File Additional Charges:**

The United States Attorney's Office for the Eastern District of Washington and agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Information pending in the Eastern District of Washington, unless Defendant breaches this Plea Agreement before sentencing and/or withdraws in any way from this Plea Agreement.

**8.    United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter USSG) are applicable to this case, and that the Court will determine Defendant's applicable sentencing guideline range at sentencing.

**a.    Base Offense Level and Guideline Adjustments:**

The United States and the Defendant acknowledge that the Court is not bound by the parties' recommendation concerning the base offense level or the recommended guideline adjustments. Defendant reserves the right to seek other

U.S. v. Tuller - Plea Agreement – Page 5 of 10

downward specific offense characteristics, downward adjustments, or variances, and the United States reserves the right to oppose any such motion or argument.

The United States and Defendant agree that the base offense level for violation of 18 U.S.C. § 1365 is 25 pursuant to U.S.S.G. §2N1.1(a). The United States and Defendant further agree that a an additional 2-point upward adjustment is warranted pursuant to U.S.S.G. §3B1.3 because Defendant abused her position of trust, resulting in an adjusted offense level of 27.

The parties are not aware of, and do not intend at this time to seek, any other enhancements or adjustments under the guidelines.

      **b.**    **Acceptance of Responsibility:**

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty no later than November 1, 2021, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility. If Defendant's adjusted offense level is sixteen (16) or greater, then the United States will move for an additional one (1)-level reduction for timeliness. *See* U.S.S.G. §3E1.1(a) and (b).

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend any downward reduction for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the mandatory special penalty assessments referenced in paragraph 11 to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

U.S. v. Tuller – Plea Agreement – Page 6 of 10

    c.    **Criminal History:**

The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined by the Court after the Presentence Investigation Report is completed.

9.    **Incarceration:**

The United States agrees to recommend a sentence at or below the low end of the sentencing guideline range determined by the Court. Defendant may recommend any legal sentence.

10.    **Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine they believe is appropriate.

11.    **Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 special penalty assessment for her conviction to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013. Defendant agrees, as a condition of this Plea Agreement, to pay the mandatory special penalty assessment in full at or before sentencing.

12.    **Restitution:**

The United States and Defendant agree that restitution is not applicable in this case.

13.    **Supervised Release:**

The parties agree to request a term of supervised release of 3 years following any term of imprisonment imposed by the Court, with all standard conditions of supervision. As an additional special condition, the United States and Defendant agree that during the period of any supervised release, that Defendant agree not to seek reinstatement of any nursing license, or to seek to engage or engage in any employment that involves medical or patient care. The United States is also free to recommend any additional special conditions of supervision at the time of sentencing and during the period of supervised release that it deems appropriate, and Defendant is

free to oppose any additional special conditions of supervision at the time of sentencing.

### 14. Hyde Amendment Waiver

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### 15. Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance, *except as prescribed by a physician.* /sDHF

### 16. Waiver of Appeal and Collateral Attack Rights:

Defendant hereby expressly waives her right to appeal her conviction, any restitution order, any fine, and the sentence of incarceration the Court imposes with the exception that Defendant may appeal the procedural and substantive reasonableness of any sentence of incarceration in excess of the applicable sentencing guideline range as determined by the Court.

### 17. Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington and therefore cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          _11/12/2021_
Daniel Hugo Fruchter              Date
Assistant U.S. Attorney

_____ for     _11/12/2021_
Tyler H.L. Tornabene              Date
Assistant U.S. Attorney

U.S. v. Tuller – Plea Agreement – Page 9 of 10

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. I have also consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*/s/ Esther Rae Tuller*  11/10/2021
Esther Rae Tuller　　　　　　　　　　　　　Date
Defendant

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

*/s/ Stephen R. Hormel*  11/10/2021
Stephen R. Hormel　　　　　　　　　　　　Date
Attorney for Defendant

*/s/ Zachary L-Ayers*  12/2/2021